UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22006-GAYLES/OTAZO-REYES

**ESTERINA GIULIANI**,

    Plaintiff,

v.

**NCL (BAHAMAS) LTD.**, a Bermuda
Company doing business as Norwegian
Cruise Line, **ALASKA X**, and **XYZ
CORPORATION(S)**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant NCL (Bahamas) Ltd.'s ("NCL") Motion to Dismiss Amended Complaint (the "Motion") [ECF No. 37]. The Court has considered the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied part.

### BACKGROUND[1]

### I. Factual Background

This case arises from injuries Plaintiff Esterina Giuliani suffered during a horseback riding excursion (the "shore excursion") operated by Defendants Alaska X and XYZ Corporation(s)

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's First Amended Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam). Moreover, the Court may properly consider the exhibits attached to Plaintiff's First Amended Complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." (citation omitted)); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

(collectively, the "Excursion Entities") while Plaintiff was a passenger on NCL's ship. On July 6, 2019, Plaintiff booked and paid for the shore excursion through NCL's app to partake during her trip on the NCL *Bliss*. *See* [ECF No. 26-1]. NCL made available and distributed information and materials to Plaintiff that stated that NCL operated and oversaw the shore excursion and that the shore excursion was safe. The materials did not require or recommend a particular level of experience to participate in the shore excursion. Plaintiff reviewed the information and materials regarding the shore excursion, including its safety and reliability, and relied on NCL's representations in deciding to purchase and participate in the shore excursion.

On August 28, 2019, Plaintiff participated in the shore excursion. The Excursion Entities' tour guide provided Plaintiff with insufficient instructions and safety guidelines on how to properly handle the horses and did not inquire into Plaintiff's experience level. However, Plaintiff informed the tour guide that she was not athletic and a beginner at horseback riding. During the shore excursion, the tour guide informed Plaintiff that "all the horses were rescues, that the horses would often fight each other, that they knew that Plaintiff's assigned horse . . . was wild, unruly, violent, aggressive, recently blinded in at least one eye, and more prone to being anxious and/or spooked . . . ." [ECF No. 26 at 11–12 ¶ 39]. During the grazing portion of the shore excursion, another participant's horse provoked Plaintiff's horse and the horses began to fight. Plaintiff was thrown off her horse and landed on the ground, resulting in severe injuries.

Plaintiff received medical treatment at the medical center on board NCL's ship, including x-rays on both sides of her body. The ship doctor determined that no bones were fractured or broken, instructed Plaintiff to continue moving, and prescribed her ibuprofen. The medical center did not provide her additional medical assistance to relieve her pain. On August 31, 2019, Plaintiff returned to the medical center for further care because the pain did not subside. Additional x-rays

were conducted and again the medical doctors advised Plaintiff that no bones were fractured or broken but prescribed her additional medications. Because Plaintiff failed to receive appropriate medical care, she suffered severe injuries that included multiple nondisplaced fractures of her hips and pelvis, debilitating back pain, bursitis, hematoma, and labral tears.

**II.    Procedural History**

On May 13, 2020, Plaintiff filed her original Complaint against NCL and the Excursion Entities. [ECF No. 1]. On August 6, 2020, NCL filed a Motion to Dismiss the original Complaint. [ECF No. 23]. On August 20, 2020, Plaintiff filed her First Amended Complaint in which she brings eleven counts: (1) Negligence against the Excursion Entities (Count I); (2) Misleading Advertising in Violation of Florida Statute § 817.41 against NCL (Count II); (3) Negligent Misrepresentation against NCL (Count III); (4) Negligent Selection and/or Retention against NCL (Count IV); (5) Negligent Failure to Warn against NCL (Count V); (6) Negligence against NCL Based on Apparent Agency or Agency by Estoppel (Count VI); (7) Negligence against all Defendants Based on Joint Venture between NCL and the Excursion Entities (Count VII); (8) Third-Party Beneficiary as to the Excursion Entities (Count VIII); (9) Vicarious Liability against NCL for the Negligence of the Ship's Medical Staff (Count IX); (10) Apparent Agency as to NCL for the Acts of the Ship's Medical Staff (Count X); and (11) Assumption of Duty as to NCL for the Negligence of the Ship's Medical Staff (Count XI). [ECF No. 26]. On September 3, 2020, NCL filed the instant Motion. [ECF No. 37].

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that

3

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted).

## ANALYSIS

In its Motion, Defendant only seeks to dismiss Counts II through VII of the First Amended Complaint. The Court first considers the applicable law and then considers each Count in turn.

**I.      Applicable Law**

"Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (citing *Keefe v. Bah. Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (per curiam)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case." (citations omitted)). This is also true for torts that "occurred at an offshore location during the course of a cruise." *Ceithaml v. Celebrity Cruises, Inc.*, 739 F. App'x 546, 550 n.5 (11th Cir.

2018) (per curiam) (citing *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 900–02 (11th Cir. 2004)). "In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles." *Marabella v. NCL (Bah.) Ltd.*, 437 F. Supp. 3d 1221, 1225 (S.D. Fla. 2020) (citing *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011)); *see also Just v. Chambers*, 312 U.S. 383, 388 (1941) ("With respect to maritime torts we have held that the State may modify or supplement the maritime law by creating liability which a court of admiralty will recognize and enforce when the state action is not hostile to the characteristic features of the maritime law or inconsistent with federal legislation.").

Here, the parties do not dispute that maritime law governs. *Compare* [ECF No. 37 at 4], *with* [ECF No. 44 at 3]. Courts apply the general principles of negligence law when analyzing tort claims brought under maritime law. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (per curiam) (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)). Generally, a cruise line "is not liable to passengers as an insurer, but only for its negligence." *Keefe*, 867 F.2d at 1322 (quoting *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984)). To bring a negligence claim, a plaintiff must allege that: "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro*, 693 F.3d at 1336 (citing *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008) (per curiam)). The Court considers each of Plaintiff's negligence-based claims in turn.

## II. Counts II and III: Misleading Advertising and Negligent Misrepresentation

In Counts II and III, Plaintiff alleges that NCL made and disseminated false and/or misleading advertisements as to the activity level and safety of the shore excursion operated by the Excursion Entities. [ECF No. 26 at 10 ¶ 34; 25–26 ¶ 72; 28–29 ¶ 81]. NCL argues in its Motion

that Plaintiff's claims should be dismissed because neither meet the heightened pleading standard of Federal Rule of Civil Procedure 9. [ECF No. 37 at 9].

To bring claims for misleading advertising under Florida Statute § 817.41[2] or for negligent misrepresentation, a plaintiff must allege:

> (1) misrepresentation of a material fact; (2) that the representor made the misrepresentation without knowledge as to its truth or falsity or under circumstances in which he ought to have known of its falsity; (3) that the representor intended that the misrepresentation induce another to act on it; and (4) that injury resulted to the party acting in justifiable reliance on the misrepresentation.

*Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1352–53 (S.D. Fla. 2016) (quoting *Holguin v. Celebrity Cruises, Inc.*, No. 10-CIV-20212, 2010 WL 1837808, at *1 (S.D. Fla. May 4, 2010)). As fraud-based claims, both are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which is satisfied if the First Amended Complaint states:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Woodley v. Royal Caribbean Cruises, Ltd.*, 472 F. Supp. 3d 1194, 1206 (S.D. Fla. 2020) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)). "[T]o pass Rule 9(b) muster, the Complaint must set forth particular allegations about the 'who, what, when, where, and how'

---

[2] Section 817.41 states in pertinent part:

> It shall be unlawful for any person to make or disseminate or cause to be made or disseminated before the general public of the state, or any portion thereof, any misleading advertisement. Such making or dissemination of misleading advertising shall constitute and is hereby declared to be fraudulent and unlawful, designed and intended for obtaining money or property under false pretenses.

Fla. Stat. § 817.41(1).

of the fraud." *Ceithaml*, 207 F. Supp. 3d at 1353 (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)).

NCL argues that Plaintiff relies on statements that "are unactionable puffery and sales talk" and argues that she fails to explain how those statements were "misleading or would have prevented Plaintiff from falling from the horse . . . ." [ECF No. 37 at 11]. Reviewing the factual allegations in the First Amended Complaint, the Court finds that Plaintiff has met the heightened pleading standard for her misleading advertising and negligent misrepresentation claims. Plaintiff specifically alleges: (1) the statements NCL made or omitted as to the shore excursion and the Excursion Entities, *see, e.g.*, [ECF No. 26 at 9–10 ¶¶ 32, 34]; (2) the date she reviewed the statements and the materials she reviewed, *see, e.g., id.* at 9 ¶¶ 28–29; 24–25 ¶¶ 70–71; 28 ¶¶ 79–80; (3) how NCL's statements as to the safety and difficulty of the shore excursion misled Plaintiff into purchasing and participating in the shore excursion, *see, e.g., id.* at 11 ¶ 37; 25–26 ¶ 72; 28–29 ¶ 81; and (4) the benefit NCL obtained from its misrepresentations and/or omissions, *see, e.g., id.* at 27 ¶ 77; 30 ¶ 85. *See also Woodley*, 472 F. Supp. 3d at 1206 (finding negligent misrepresentation claim properly alleged where the plaintiffs provided statements and omissions, the date, and where the statements were made); *Serra-Cruz v. Carnival Corp.*, 400 F. Supp. 3d 1364, 1372 (S.D. Fla. 2019) (finding misleading advertising and negligent misrepresentation claims properly alleged where complaint provided "(1) the exact statements that are alleged to be misleading or false; (2) the source of the allegedly misleading materials; and (3) where and when the allegedly misleading or false statements were made"), *appeal dismissed*, No. 19-13725, 2019 WL 7167484 (11th Cir. Nov. 25, 2019); *Doria v. Royal Caribbean Cruises, Ltd.*, 393 F. Supp. 3d 1141, 1145 (S.D. Fla. 2019) (same). Therefore, the Motion shall be denied as to Counts II and III.

**III.    Count IV: Negligent Selection and/or Retention**

In Count IV, Plaintiff argues that NCL negligently selected and/or retained the Excursion Entities in violation of its duty to select and/or hire competent and fit excursion operators. [ECF No. 26 at 31–33]. NCL argues in its Motion that Plaintiff's allegations are simply legal conclusions without sufficient factual allegations to support her claims. [ECF No. 37 at 5–6]. The Court finds that Plaintiff fails to properly allege her negligent selection claim; however, Plaintiff properly alleges her negligent retention claim.

"[N]egligent selection or hiring and negligent retention are separate and distinct causes of action." *Ferretti v. NCL (Bah.) Ltd.*, No. 17-CIV-20202, 2018 WL 3093547, at *2 (S.D. Fla. June 22, 2018). To state a claim for negligent selection or hiring of an independent contractor, a plaintiff must allege that: "(1) the contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the [contractor's] incompetence or unfitness was a proximate cause of the plaintiff's injury." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 796 (11th Cir. 2017) (quoting *Davies Com. Metals Co.*, 46 So. 3d 71, 74 (Fla. 5th DCA 2010)). The second element is satisfied where a plaintiff alleges sufficient factual allegations to show that the employer was on notice of the harmful propensities of the contractor hired or retained. *See Witover v. Celebrity Cruises, Inc.*, 161 F. Supp. 3d 1139, 1148 (S.D. Fla. 2016).

"The only difference between negligent selection and negligent retention claims is 'the time at which the [principle] is charged with knowledge of the [contractor's] unfitness.'" *Smolnikar*, 787 F. Supp. 2d at 1318 n.7 (alteration in original) (quoting *Garcia v. Duffy*, 492 So. 2d 435, 438 (Fla. 2d DCA 1986)). In negligent selection or hiring cases, the critical issue is whether the principal knew or should have known about the contractor's unfitness before or at the time the

8

contractor was hired. *Garcia*, 492 So. 2d at 438 (stating that "the issue of liability primarily focuses upon the adequacy of the employer's pre-employment investigation into the employee's background."). On the other hand, to state a claim for negligent retention, a plaintiff must allege that "*during the course of employment*, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." *Id.* at 438–39. As a result, factual allegations that may be sufficient to bring a claim for negligent retention will not be sufficient to bring a claim for negligent hiring.

The Court finds that Plaintiff properly pleads her negligent retention claim but fails to properly plead her negligent selection claim. As to the negligent selection claim, Plaintiff fails to properly allege the temporal element of her claim; for example, Plaintiff fails to explicitly allege that NCL hired the Excursion Entities knowing that they were incompetent and/or unfit to run the shore excursion. *Ferretti*, 2018 WL 3093547, at *2 (dismissing negligent selection claim where the plaintiff failed to show why the defendant knew or should have known of the excursion operator's deficiencies prior to hiring them). As to the negligent retention claim, Plaintiff states how the Excursion Entities were incompetent and/or unfit to run the shore excursion, including, for example, failing to "only select or utilize horses . . . that are healthy, adequately calm[,] and easy to handle . . . ." [ECF No. 26 at 32 ¶ 92]. The First Amended Complaint alleges that NCL knew or should have known of the Excursion Entities' incompetence, including through complaints, comments, and other reviews of the shore excursion that were posted on NCL's website. *Id.* at 13–15 ¶ 45; 15 ¶ 47; 32–34 ¶¶ 93–94. Plaintiff satisfies the temporal element by stating that NCL knew of the Excursion Entities' incompetence because "the conditions existed for a sufficient length of time so that NCL, in the exercise of reasonable care under the

9

circumstances, should have learned of them." *Id.* at 32 ¶ 93. Plaintiff also states that the Excursion Entities' incompetence caused her injuries. *Id.* at 34 ¶¶ 95–96.

Because the factual allegations in the First Amended Complaint are sufficient to bring forth a negligent retention claim, the Motion shall be denied as to the negligent retention claim in Count IV. However, the factual allegations in the First Amended Complaint are insufficient to bring forth a negligent selection claim and, thus, the Motion shall be granted as to the negligent selected claim in Count IV.

**IV.    Count V: Negligent Failure to Warn**

In Count V, Plaintiff alleges that NCL breached its duty to warn Plaintiff of the dangers related to the shore excursion. [ECF No. 26 at 35–38]. In the Motion, NCL argues that Plaintiff fails to allege that NCL was on notice of the specific risk-creating condition. [ECF No. 37 at 7]. The Court finds that Plaintiff properly alleges her negligent failure to warn claim.

"A cruise line operator owes its passengers a duty of reasonable care under the circumstances." *Adams v. Carnival Corp.*, 482 F. Supp. 3d 1256, 1271 (S.D. Fla. 2020) (citing *Keefe*, 867 F.2d at 1332). This includes the "duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit." *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1046 (11th Cir. 2019) (quoting *Chaparro*, 693 F.3d at 1336). However, the cruise line operator must have "actual or constructive notice of the risk-creating condition, at least where . . . the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe*, 867 F.2d at 1322; *see also Marabella v. NCL (Bah.), Ltd.*, 437 F. Supp. 3d 1221, 1225 (S.D. Fla. 2020) ("It is clearly established that cruise lines owe their passengers a duty to warn of known or foreseeable dangers." (citation omitted)). Thus, a cruise line operator breaches its duty to warn where: "(1) a dangerous condition existed that caused

the claimed injury; and (2) a defendant had actual or constructive notice of the dangerous condition." *Adams*, 482 F. Supp. 3d at 1268 (citations omitted); *see also Witover*, 161 F. Supp. 3d at 1146–47 ("[T]he exercise of reasonable care is defined as the duty to warn of dangers on shore that are not open and obvious, of which the cruise line had actual or constructi[ve] knowledge, and that exist in places where passengers are invited or reasonably expect[ed] to visit." (quoting *Lapidus v. NCL Am. LLC*, 924 F. Supp. 2d 1352, 1356–57 (S.D. Fla. 2013))).

The Court finds that Plaintiff has sufficiently alleged a negligent failure to warn claim against NCL in the First Amended Complaint. For example, Plaintiff alleges that "previous passengers complained and/or commented about issues [with the shore excursion] . . . and did so directly to NCL through its website within the past five years" and provides examples of the complaints and comments made. [ECF No. 26 at 13–15 ¶ 45]. *Cf. Ferretti*, 2018 WL 1449201, at *3 (finding notice element not met where no allegations that prior incidents occurred in same manner that caused the plaintiff's injuries). Plaintiff also alleges NCL's notice of the dangerous condition through NCL's initial approval process and having representatives take the shore excursion, NCL's yearly inspections, prior incidents involving NCL passengers, and NCL reviewing complaints and reviews of prior passengers. [ECF No. 26 at 37 ¶ 104]. *See also Storm v. Carnival Corp.*, No. 20-CIV-22227, 2020 WL 6293346, at *6 (S.D. Fla. Sept. 10, 2020) (finding that the plaintiff sufficiently asserted that knowledge of similar conditions imputed notice on the defendant), *report and recommendation adopted*, No. 20-CIV-22227, 2020 WL 6290351 (S.D. Fla. Oct. 27, 2020). "Because there is no requirement for a plaintiff to allege additional facts than the ones presented . . . and [Federal Rule of Civil Procedure 8] only requires allegations to raise a reasonable expectation that discovery will reveal evidence corroborating a claim," *id.* (citation and internal quotation marks omitted), the Motion shall be denied as to Count V.

## V. Count VI: Negligence Based on Apparent Agency or Agency by Estoppel

In Count VI, Plaintiff brings a negligence claim under a theory of apparent agency or agency by estoppel against NCL for the Excursion Entities' actions. Plaintiff alleges that "NCL made manifestations which caused Plaintiff to believe that the Excursion Entities had authority to act for the benefit of NCL." [ECF No. 26 at 38 ¶ 108]. In its Motion, NCL argues that a cause of action for agency does not exist and that Plaintiff's claim cannot stand because her negligence claim is not properly pled. [ECF No. 37 at 9]. The Court finds that the claim is sufficiently plead.

"Under federal maritime law, a defendant can be held vicariously liable through the doctrine of apparent agency." *Twyman v. Carnival Corp.*, 410 F. Supp. 3d 1311, 1323 (S.D. Fla. 2019) (citing *Smolnikar*, 787 F. Supp. 2d at 1324). To bring a negligence claim based on apparent agency, a plaintiff must allege: "(1) the alleged principal made some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal; (2) that such belief was reasonable; and (3) that the claimant reasonably acted on such belief to his detriment." *Serra-Cruz*, 400 F. Supp. 3d at 1372. Whether an agency relationship exists is a question of fact and "whether a plaintiff reasonably believes that an agency relationship exists is also a question of fact which cannot be decided on a motion to dismiss." *Woodley*, 472 F. Supp. 3d at 1207 (citation and internal quotation marks omitted).

As other courts in this district have noted, apparent agency or agency by estoppel are legal theories based in negligence rather than separate causes of action. *See, e.g.*, *Kennedy v. Carnival Corp.*, 385 F. Supp. 3d 1302, 1336–37 (S.D. Fla. 2019), *report and recommendation adopted*, No. 18-CIV-20829, 2019 WL 2254962 (S.D. Fla. Mar. 21, 2019); *Gayou v. Celebrity Cruises, Inc.*, No. 11-CIV-23359, 2012 WL 2049431, at *8 n.4 (S.D. Fla. June 5, 2021). However, "[a] fair reading of the substance of the claims [in Count VI] . . . makes plain that [Plaintiff] is really

pleading negligence causes of action that are grounded on an agency theory of liability." *Gayou*, 2012 WL 2049431, at *8 n.4. Reviewing the factual allegations in the First Amended Complaint, the Court finds that Plaintiff has sufficiently plead her claims in Count VI. Not only does Plaintiff describe in sufficient detail the "manifestations" causing her to believe that the Excursion Entities were NCL's Agents, *see* [ECF No. 26 at 38–40 ¶ 180], she attaches the Shore Excursion Confirmation to show the reasonableness of her belief, *see* [ECF No. 26-1]. Plaintiff also alleges that she acted on this belief to her detriment. [ECF No. 26 at 41 ¶ 115]. The factual allegations and the exhibits, taken together, are sufficient at the motion to dismiss stage to assert a negligence claim based on a theory of apparent agency or agency by estoppel. The Motion shall therefore be denied as to Count VI.

## VI.     Count VII: Negligence Based on Joint Venture

In Count VII, Plaintiff alleges that NCL and the Excursion Entities engaged in a joint venture to provide shore excursions to passengers and are therefore liable for each other's negligence. [ECF No. 26 at 42 ¶ 118; 44 ¶ 133]. NCL argues that Plaintiff's claim consists of labels and "fails to provide any facts to make the claim facially plausible." [ECF No. 37 at 12]. The Court disagrees.

To properly bring a negligence claim based on a joint venture, a plaintiff must plead: "(1) a community of interest in the performance of a common purpose; (2) joint control or right of control; (3) a [] joint proprietary interest in the subject matter; (4) a right to share in the profits; and (5) a duty to share in any losses which may be sustained." *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1341 (S.D. Fla. 2016) (quoting *Fojtasek v. NCL (Bah.) Ltd.*, 613 F. Supp. 2d 1351, 1357 (S.D. Fla. 2009)). "A joint venture can be created by an implied contract, and creation of

such a venture can be inferred from the parties' conduct." *Adams*, 482 F. Supp. 3d at 1271 (citations omitted).

Reviewing the First Amended Complaint, the Court finds that Plaintiff has sufficiently alleged her negligence claim based on a joint venture. Plaintiff alleges an agreement between NCL and the Excursion Entities in which NCL would sell the shore excursion to passengers and the Excursion Entities would operate the shore excursion. [ECF No. 26 at 42 ¶ 119]. Plaintiff alleges that "NCL arranged for, sponsored, recommended, marketed, operated, [] sold and/or collected money for the subject excursion" and that NCL and the Excursion Entities "shared a profit from the money made from the shore excursion." *Id.* at 42 ¶¶ 120–21; 43 ¶ 125. Plaintiff goes on to describe NCL and the Excursion Entities' "joint and/or shared control over aspects of the joint venture," describes NCL and the Excursion Entities' common purpose and joint proprietary interest, and describes how NCL and the Excursion Entities shared in any losses. *Id.* at 42–43 ¶¶ 122–24, 126. At the motion to dismiss stage, the First Amended Complaint provides sufficient factual allegations to assert a claim for negligence claim based on a joint venture. Therefore, the Motion shall also be denied as to Count VII.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant NCL (Bahamas) Ltd.'s Motion to Dismiss Amended Complaint, [ECF No. 37], is **GRANTED in part** and **DENIED in part**.

2. The Motion to Dismiss, [ECF No. 37], is **GRANTED** as to the negligent selection claim in Count IV of the First Amended Complaint, and that claim shall be **DISMISSED without prejudice**.

3. The Motion to Dismiss, [ECF No. 37], is **DENIED** as to Counts II, III, V, VI, VII, and the negligent retention claim in Count IV of the First Amended Complaint.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 23rd day of June, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE