UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22006-GAYLES/OTAZO-REYES

**ESTERINA GIULIANI**,

    Plaintiff,

v.

**NCL (BAHAMAS) LTD., a Bermuda Company doing business as Norwegian Cruise Line, ALASKA X, and XYZ CORPORATION(S)**,

    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Alaska X's Motion to Dismiss the Plaintiff's Amended Complaint for Lack of Personal Jurisdiction (the "Motion") [ECF No. 43]. The Court has considered the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## BACKGROUND[1]

### I.  Factual Background

This case arises from injuries Plaintiff Esterina Giuliani suffered during a horseback riding excursion (the "shore excursion") operated by Alaska X while Plaintiff was a passenger on the NCL *Bliss*, a cruise ship operated by Defendant NCL (Bahamas) Ltd. ("NCL"). Plaintiff is a citizen

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's First Amended Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

of the state of New York. NCL is a foreign entity with its principal place of business in Florida.[2] Alaska X is a corporation that exists under the laws of Alaska and maintains its principal place of business in Alaska. *See* [ECF No. 43-1 at 1 ¶¶ 5, 7]. NCL and Alaska X entered into a Standard Shore Excursion Agreement (the "Agreement") for NCL to market and sell to its passengers shore excursions provided by Alaska X in Skagway, Alaska. *See* [ECF No. 43-1]. Among the Agreement's provisions is a choice-of-law clause designating Florida law as the governing law and subjecting the parties to the exclusive jurisdiction of the courts of Florida.

On July 6, 2019, Plaintiff booked and paid for Alaska X's shore excursion through NCL's app that she would partake in during her trip on the NCL *Bliss*. *See* [ECF No. 26-1]. On August 28, 2019, while Plaintiff participated in the shore excursion, another participant's horse provoked Plaintiff's horse and the horses began to fight. Plaintiff was thrown off her horse and landed on the ground, resulting in severe injuries including multiple nondisplaced fractures of her hips and pelvis, debilitating back pain, bursitis, hematoma, and labral tears. Plaintiff's injuries were worsened by the lack of appropriate medical care from the ship doctor on board the NCL *Bliss*.

## II.   Procedural History

On May 13, 2020, Plaintiff filed her original Complaint against NCL and Alaska X. [ECF No. 1]. On August 6, 2020, NCL filed a Motion to Dismiss the original Complaint. [ECF No. 23]. On August 20, 2020, Plaintiff filed her eleven-count First Amended Complaint against NCL and Alaska X. [ECF No. 26]. On September 14, 2020, Alaska X filed the instant Motion, arguing that the Court lacks specific personal jurisdiction, general personal jurisdiction, or jurisdiction under Federal Rule of Civil Procedure 4(k)(2) over Alaska X. [ECF No. 43].

---

[2] The Court notes that "NCL is a Bermuda company with its principal place of business in Florida." *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1365 (11th Cir. 2018).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a claim against it for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). When the defendant submits evidence in support of its challenge to personal jurisdiction, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.* (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff," *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (citation omitted), and still must "accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits," *Madara*, 916 F.2d at 1514.

A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction over a nonresident defendant exists. First, the court must determine whether the exercise of jurisdiction is appropriate under the state long-arm statute. Second, the court must determine whether exercising personal jurisdiction over the nonresident defendant violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). *See also Associated Transp. Line, Inc. v. Productos Fitosanitarios Proficol El Carmen, S.A.*, 197 F.3d 1070, 1072–74 (11th Cir. 1999) (applying the same analytical framework in a case brought under admiralty jurisdiction). That is, the court must determine whether the nonresident defendant has such minimum contacts

with the forum such that exercising personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Mut. Serv. Ins. Co.*, 358 F.3d at 1319.

## DISCUSSION

In its Motion, Alaska X argues that the Court cannot exercise personal jurisdiction over it, relying on the Declaration of Erin Redington (the "Declaration"), Alaska X's General Manager. *See* [ECF No. 43-1]. First, Alaska X argues that specific personal jurisdiction does not exist because it has not engaged in any activity in the state of Florida and because Plaintiff fails to allege facts that establish a nexus between her causes of action and Alaska X's alleged activities in Florida. [ECF No. 43 at 2]. Second, Alaska X argues that general personal jurisdiction does not exist because Alaska X does not have the necessary minimum contacts with the state of Florida. *Id.* Third, Alaska X argues that personal jurisdiction cannot be established pursuant to Federal Rule of Civil Procedure 4(k)(2). *Id.* at 3. The Court addresses each argument in turn.

**I.      Florida's Long-Arm Statute**

Florida's long-arm statute provides in pertinent part:

(1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state . . . .

. . . .

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193(1)(a), (2). Under Florida's long-arm statute, a defendant can thus be subject to either: (1) specific personal jurisdiction—jurisdiction in suits arising out of or relating to the defendant's contact with Florida; or (2) general personal jurisdiction—jurisdiction over any claims against a defendant, notwithstanding any connection *vel non* with Florida, if the defendant engages

4

in "substantial and not isolated activity" in Florida. *McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1343 (S.D. Fla. 2017) (quoting Fla. Stat. § 48.193(1)(a), (2)). "Irrespective of the method, 'Florida's long-arm statute is to be strictly construed . . . [and] federal courts are required to construe it as would the Florida Supreme Court.'" *Serra-Cruz v. Carnival Corp.*, 400 F. Supp. 3d 1354, 1358 (S.D. Fla. 2019) (quoting *Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1340 (S.D. Fla. 2014), *aff'd sub nom. Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201 (11th Cir. 2015)). Alaska X argues that this Court has neither specific nor general personal jurisdiction.

### A.  Specific Personal Jurisdiction Pursuant to Florida Statute § 48.193(1)(a)

Specific personal jurisdiction "authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as those contacts relate[] to the plaintiff's cause of action." *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1352 (citing *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1220 n.27 (11th Cir. 2009)). Alaska X argues that this Court cannot exercise specific personal jurisdiction over it because Alaska X has not engaged in any activity within the state of Florida and because Plaintiff fails to establish the requisite nexus between her causes of action and Alaska X's activities in Florida. [ECF No. 43 at 2]. Plaintiff does not—and cannot—allege that Alaska X committed the tortious acts in Florida; rather, Plaintiff argues that specific personal jurisdiction exists over Alaska X pursuant to Florida Statute § 48.193(1)(a)(4) and (9). [ECF No. 51 at 3]. The Court finds that it cannot exercise specific personal jurisdiction over Alaska X.

#### 1.  Florida Statute § 48.193(1)(a)(9)

In Florida, personal jurisdiction may be exercised over a defendant who enters "into a contract that complies with [Florida Statute §] 685.102." Fla. Stat. § 48.193(1)(a)(9). In order to

5

determine whether jurisdiction is conferred under § 48.193(1)(a)(9), the Court must consider two addition statutes—Florida Statute § 685.101 and § 685.102. First, Florida Statute § 685.102 provides in pertinent part:

> Notwithstanding any law that limits the right of a person to maintain an action or proceeding, any person may, to the extent permitted under the United States Constitution, maintain in this state an action or proceeding against any person or other entity residing or located outside this state, if the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of the law of this state, in whole or in part, has been made pursuant to [Florida Statute §] 685.101 and which contains a provision by which such person or other entity residing or located outside this state agrees to submit to the jurisdiction of the courts of this state.

Fla. Stat. § 685.102(1). Second, Florida Statute § 685.101 provides in pertinent part that:

> The parties to any contract, agreement, or undertaking, . . . in consideration of or relating to any obligation arising out of a transaction involving in the aggregate not less than $250,000 . . . may, to the extent permitted under the United States Constitution, agree that the law of this state will govern such contract, agreement, or undertaking, . . . whether or not such contract, agreement, or undertaking bears any relation to this state.

Fla. Stat. § 685.101(1). However, § 685.101 "does not apply to any contract, agreement, or undertaking[:]"

> [W]hich does not bear a substantial or reasonable relation to this state in which every party is either or a combination of:
>
> 1. A resident and citizen of the United States, but not of this state; or
>
> 2. Incorporated or organized under the laws of another state and does not maintain a place of business in this state.

*Id.* at (2)(a). Thus, personal jurisdiction may be established in Florida through a contract that: (1) "include[s] a choice of law provision designating Florida Law as the governing law;" (2) "include[s] a provision whereby the non-resident agrees to submit to the jurisdiction of the courts of Florida;" (3) "involve[s] consideration of not less than $250,000;" (4) does "not violate the United States Constitution;" and (5) "either bear[s] a substantial or reasonable relation to Florida

6

or [has] at least one of the parties be a resident of Florida or incorporated under its laws." *Jetbroadband WV, LLC v. MasTec N. Am., Inc.*, 13 So. 3d 159, 162 (Fla. 3d DCA 2009).

Plaintiff's First Amended Complaint states that specific personal jurisdiction may be exercised over Alaska X because "the contract between NCL and [Alaska X] meets all requirements to satisfy a finding of specific jurisdiction under Florida Statute § 48.193(1)(a)(9)." [ECF No. 26 at 2–3 ¶ 7]. Specifically, Plaintiff alleges that the Agreement:

> (a) contains a choice-of-law clause designating Florida law as the governing law; (b) contains a provision whereby [Alaska X] agree[s] to submit to the exclusive jurisdiction of the courts of Florida; (c) involves consideration of not less than $250,000 or relate[s] to an obligation arising out of a transaction involving in the aggregate not less than $250,000; (d) does not violate the U.S. Constitution; and (e) has at least one party of the contract that is a resident of Florida or incorporated under the laws of Florida.

*Id.*[3] Such allegations would be sufficient for NCL—as a party to the Agreement—to establish personal jurisdiction over Alaska X. *See* §§ 685.101 and 685.102, Florida Statutes. But Plaintiff is not a signatory to the Agreement; rather, Plaintiff seeks to assert her claims under the Agreement as a third-party beneficiary. [ECF No. 51 at 6].

To establish that she is a third-party beneficiary to the Agreement, Plaintiff must allege: (1) "the existence of a contract to which Plaintiff is not a party;" (2) "an intent, either expressed by the parties or in the provision of the contract, that the contract primarily and directly benefit Plaintiff;" (3) "breach of that contract by one of the parties;" and (4) "damages to Plaintiff resulting

---

[3] In her Response to the Motion, Plaintiff argues that the fifth requirement is met because "NCL maintains its principal place of business in Florida . . . ." [ECF No. 51 at 4]. Plaintiff, however, misquotes *Jetbroadband WV, LLC v. MasTec N. Am., Inc.*, to suggest that the fifth requirement may be satisfied where a party is either incorporated under the laws of Florida or maintains its principal place of business in Florida. *See* [ECF No. 51 at 4]. This is incorrect. "[A]s long as one of the parties is a resident of Florida or *incorporated under its laws*, and the other statutory requirements are met, sections 685.101–.102 operate irrespective of whether the underlying contract bears any relation to Florida and notwithstanding any law to the contrary." *Jetbroadband WV, LLC*, 13 So. 3d at 162 (emphasis added) (citations omitted). Here, neither NCL nor Alaska X are incorporated in the state of Florida. [ECF No. 26 at 1 ¶¶ 2–3]; [ECF No. 43-1 at 1 ¶ 6]. However, because NCL "bear[s] a substantial or reasonable relation to Florida," the fifth requirement is met. *Jetbroadband WV, LLC*, 13 So. 3d 162.

from the breach." *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1279, 1398 (S.D. Fla. 2014) (citing *Lapidus v. NCL Am. LLC*, 924 F. Supp. 2d 1352, 1360–61 (S.D. Fla. 2013)). When determining whether a party is a third-party beneficiary to an agreement, "[t]he *intent* of the parties is the key to determining whether a third party is an intended . . . or only an incidental beneficiary." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 981 (11th Cir. 2005) (citation omitted). *See also id.* (noting that incidental beneficiaries "have no enforceable rights under a contract." (citation and internal quotation marks omitted)).

"For a third party to have a legally enforceable right under the contract, the benefit to the third party must be the 'direct and primary object of the contracting parties.'" *Aronson*, 30 F. Supp. 3d at 1398 (quoting *Bochese*, 405 F.3d at 982). Moreover, "the parties' intent to benefit the third party 'must be specific and must be clearly expressed in the contract in order to endow the third party beneficiary with a legally enforceable right,' and 'incidental or consequential benefit' to a third party is insufficient to sustain a claim." *Id.* (quoting *Bochese*, 405 F.3d at 982); *Serra-Cruz*, 400 F. Supp. 3d at 1362 ("For a contract to intend to benefit a third party, such intent must be specific and must be clearly expressed in the contract." (quoting *Heller v. Carnival Corp.*, 191 F. Supp. 3d 1352, 1365 (S.D. Fla. 2016))). "Where the contract is designed solely for the benefit of the formal parties thereto, a third person cannot maintain an action thereon, even though such third person might derive some incidental or consequential benefit from its enforcement." *Synder v. Royal Caribbean Cruises Ltd.*, --- F. Supp. 3d ---, No. 20-CIV-21429, 2021 WL 1920297, at *3 (S.D. Fla. May 13, 2021) (quoting *Blu-J, Inc. v. Kemper C.P.A. Grp.*, 916 F.2d 637, 640 (11th Cir. 1990)).

The Court finds that Plaintiff fails to establish that she is a third-party beneficiary to the Agreement such that personal jurisdiction can be exercised here over Alaska X pursuant to Florida

Statute § 48.193(1)(a)(9). First, the language of the Agreement is clear that "[o]ther than as expressly set forth herein, this Agreement shall not be deemed to provide third parties with any remedy, claim, or right of action." [ECF No. 43-1 at 13 ¶ 27]. *See also Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 798 (11th Cir. 2017) (per curiam) (finding agreement with similar language to expressly not benefit any third party); *Synder*, 2021 WL 1920297, at *3 (finding similar language to not confer third-party beneficiary status on passenger). As has been said repeatedly in this Circuit, "a plaintiff may not use the Agreement's consent to jurisdiction clause via a meritless third-party beneficiary claim to find jurisdiction over a foreign defendant in a personal injury case[,] especially where, as here, the Agreement includes an express disclaimer of the existence of third-party beneficiaries." *Johnson v. Royal Caribbean Cruises Ltd.*, 474 F. Supp. 3d 1260, 1267 (S.D. Fla. 2020) (quoting *Serra-Cruz*, 400 F. Supp. 3d at 1363).

Second, the Declaration makes clear that Alaska X "never entered into any contracts with [NCL] (including the . . . Agreement) with the intent to primarily or directly benefit third parties, including but not limited to, cruise ship passengers such as Plaintiff . . . ." [ECF No. 43-1 at 4 ¶ 40]. Plaintiff fails to offer evidence to rebut this declaration. *See Storm v. Carnival Corp.*, No. 20-CIV-22227, 2020 WL 7415835, at *8 (S.D. Fla. Dec. 18, 2020) (noting the plaintiff's failure to rebut excursion company's declaration). Additionally, contrary to what Plaintiff suggests, "third-party beneficiary status is not created by the absence of an express disclaimer [in the Agreement] to the contrary." *Serra-Cruz*, 400 F. Supp. 3d at 1362.

Plaintiff describes the various provisions of the Agreement to argue that "Alaska X and NCL **expressly** set forth in their contract that their contract is for the benefit of NCL's passengers . . . ." [ECF No. 51 at 8]. However, "[n]one of these purported provisions . . . supports a plausible inference that the contract is intended to primarily and directly benefit [NCL's] passengers

9

generally, never mind [Plaintiff] . . . specifically. At most, any benefit conferred on [Plaintiff] is merely incidental." *Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-CIV-20773, 2019 WL 8895223, at *6 (S.D. Fla. Nov. 15, 2019). *See also Synder*, 2021 WL 1920297, at *3 (finding that "general duties and obligations do not support a plausible inference that the Agreement was intended to primarily benefit [cruise operator's] passengers; rather, they demonstrate [the excursion company's] intent to abide by adequate business standards in its relationship with [the cruise operator]"); *Serra-Cruz*, 400 F. Supp. 3d at 1372–73 (finding that provisions of cruise operator and excursion company's agreement did not "sufficiently plead that the contract was intended to primarily and directly benefit Plaintiff"). "Indeed, allegations that a contract requires excursion operators to maintain insurance and exercise reasonable care, fail to satisfy the pleading requirements because they do not clearly and specifically express a [d]efendant['s] intent to primarily and directly benefit a [p]laintiff[]." *Zhang*, 2019 WL 8895223, at *7 (alteration in original) (citations and internal quotation marks omitted). Therefore, Alaska X cannot be subject to the Court's specific personal jurisdiction pursuant to Florida Statute § 48.193(1)(a)(9).

### 2. *Florida Statute § 48.193(1)(a)(4)*

In Florida, personal jurisdiction may be exercised over a defendant who "[c]ontract[s] to insure a person, property, or risk located within this state at the time of contracting." Fla. Stat. § 48.193(1)(a)(4). Plaintiff's First Amended Complaint states that specific personal jurisdiction may be exercised over Alaska X because it "agreed to indemnify NCL for the claims made in this Complaint," [ECF No. 26 at 4 ¶ 8(f)], and "contract[ed] to insure a person or risk located within the State of Florida at the time of contracting" with NCL, [ECF No. 26 at 5 ¶ 8(m)]. *See also* [ECF No. 51 at 18] ("ALASKA X subjected itself to the jurisdiction of this Court by contracting to insure NCL in the Agreement." (citations omitted)).

The Court finds that Plaintiff's arguments based on Florida Statute § 48.193(1)(a)(4) are also unavailing to establish specific personal jurisdiction over Alaska X. First, Plaintiff fails to offer evidence that rebuts the Declaration, which states that Alaska X "has never entered into a contract to insure any individual and/or entity within the State of Florida." [ECF No. 43-1 at 2 ¶ 24]. *See also Storm*, 2020 WL 7415835, at *9 (finding claim brought under Florida Statute § 48.193(1)(a)(4) failed where Plaintiff failed to rebut defendant's declaration). Second, Plaintiff's claims do not arise from the Agreement, a breach thereof, or any other contract. *See Synder*, 2021 WL 1920297, at *4; *Storm*, 2020 WL 7415835, at *9. Rather, Plaintiff's claims arise from injuries she suffered during a shore excursion in Skagway, Alaska. Therefore, Alaska X cannot be subject to the Court's specific personal jurisdiction pursuant to Florida Statute § 48.193(1)(a)(4).

        3.     *The Agreement's Conferral-of-Jurisdiction Clause*

The Court briefly notes that Plaintiff's attempt to establish jurisdiction over Alaska X via the "conferral-of-jurisdiction" clause in the Agreement is also unavailing. [ECF No. 51 at 1–2]. The Agreement states in relevant part that:

> The Parties hereby irrevocably submit, in any suit, action or proceeding arising out of or relating to this Agreement or any transaction contemplated hereby . . . , to the exclusive jurisdiction of the United States District Court for the Southern District of Florida or, if jurisdiction is not available therein, the jurisdiction of any court located in Miami-Dade County, Florida, and waive any and all objections to such jurisdiction or venue that they may have under the laws of any state or country, including without limitation, any argument that jurisdiction, situs and/or venue are inconvenient or otherwise improper.

[ECF No. 43-1 at 13 ¶ 23]. As previously noted, the Agreement also provides that "[o]ther than as expressly set forth herein, this Agreement shall not be deemed to provide third parties with any remedy, claim, or right of action." *Id.* at 13 ¶ 27.

Plaintiff argues that Alaska X "has subjected itself to the jurisdiction of this Honorable Court, both through application of Florida law, and by voluntarily waiving the right to raise

personal jurisdiction as a defense in this case . . . ." [ECF No. 51 at 1]. The Court disagrees. As noted earlier, "a plaintiff may not 'use the Agreement's consent to jurisdiction clause via a meritless third-party beneficiary claim to find jurisdiction over a foreign defendant in a personal injury case . . . .'" *Johnson*, 474 F. Supp. 3d at 1267 (quoting *Serra-Cruz*, 400 F. Supp. 3d at 1363). Here, the Agreement's consent-to-jurisdiction clause expressly limits its application to "any suit, action or proceeding *arising out of or relating to this Agreement or any transaction contemplated hereby* . . . ." [ECF No. 43-1 at 13 ¶ 23] (emphasis added). The clause does not expressly provide for third-party claims. *See Synder*, 2021 WL 1920297, at *4. As Plaintiff is neither a party nor a third-party beneficiary to the Agreement, she cannot avail herself to the Agreement's consent-to-jurisdiction provision. *Id. See also Carmouche*, 36 F. Supp. 3d at 1341 ("Plaintiff is not a party to the shore excursion contract, and, therefore, may not be able to enforce the conferral of jurisdiction clause."). Moreover, Plaintiff's claims "arise from an incident that occurred during a shore excursion in [Skagway, Alaska]—not from the contractual relationship between" NCL and Alaska X. *Synder*, 2021 WL 1920297, at *4. Therefore, the consent-to-jurisdiction does not confer specific personal jurisdiction over Alaska X.

Because Plaintiff has not alleged that any tortious acts occurred in Florida and all her arguments must fail, the Court finds that it cannot exercise specific personal jurisdiction over Alaska X.

    **B.**    **General Personal Jurisdiction Pursuant to Florida Statute § 48.193(2)**

Alaska X argues that general personal jurisdiction cannot be exercised over it because it does not have any contacts with the state of Florida such that it would be "at home" in Florida. [ECF No. 43 at 2]. In the First Amended Complaint, Plaintiff provides an extensive list of general activities she alleges reflects Alaska X's "general course of business activity in the State [of

Florida] for pecuniary benefit." [ECF No. 26 at 7 ¶ 16] (quoting *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1361 (11th Cir. 2006)). Plaintiff alleges that these activities include: (1) maintaining at least one office in Florida; (2) reaching out to cruise lines in Florida and establishing long term business partnerships with them; (3) contracting with cruise lines in Florida to provide excursions to cruise line passengers; (4) entering into partnerships and/or joint ventures with cruise lines in Florida to provide excursions to cruise line passengers; (5) agreeing to insure and/or indemnify cruise lines in Florida; (6) deriving substantial revenues from business with cruise lines in Florida; and (7) having a registered agent in Florida. *Id.* at 5–6 ¶ 10. Plaintiff argues that these activities are "the type of continuous and systematic general business contact[s] with Florida that satisf[y] the requirements" of general personal jurisdiction pursuant to Florida Statute § 48.193(2). *Id.* at 7 ¶ 16. The Court finds that it cannot exercise general personal jurisdiction over Alaska X.

Because the reach of the general personal jurisdiction provisions of the Florida long-arm statute is coextensive with the limits of the Due Process Clause, the Court need only determine whether its exercise of general personal jurisdiction over Alaska X "would exceed constitutional bounds." *Carmouche*, 789 F.3d at 1204 (quoting *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010)); *McCullough*, 268 F. Supp. 3d at 1343. "The Due Process Clause permits personal jurisdiction so long as the nonresident defendant has certain minimum contacts with the forum such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *McCullough*, 268 F. Supp. 3d at 1343 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). General personal jurisdiction may be exercised over a corporate defendant based on its: (1) place of incorporation; or (2) principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). To subject a corporate defendant to general personal jurisdiction in any other

forum, the corporation's affiliations with that forum must be "so 'continuous and systematic' as to render [it] essentially at home" there. *Id.* at 138 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). *See also McCullough*, 268 F. Supp. 3d at 1344 ("In other words, if the corporation does not act in the forum in such a way that the forum is regarded as essentially equivalent to its place of incorporation or principal place of business, general [personal] jurisdiction over a corporation would violate due process."). This only occurs in "exceptional cases . . . ." *Daimler AG*, 571 U.S. at 139 n.19.

"To establish whether a foreign defendant was engaged in 'substantial and not isolated activities' in Florida, the defendant's activities must be 'considered collectively and show a general course of business activity in the state for pecuniary benefit.'" *Aronson*, 30 F. Supp. 3d at 1386 (quoting *Stubbs*, 447 F.3d at 1361). *See also Carmouche*, 36 F. Supp. 3d at 1341 ("Florida courts have interpreted 'substantial and not isolated activity' to mean 'continuous and systematic general business contact.'" (citation omitted)). This is a much higher threshold for a plaintiff than is necessary to support specific personal jurisdiction. *See Aronson*, 30 F. Supp. 3d at 1386 ("[B]ecause general personal jurisdiction is based on contacts unrelated to the cause of action being litigated, the due process requirements for general jurisdiction must be assessed under a stricter standard than those for specific jurisdiction." (citation and internal quotation marks omitted)); *Storm*, 2020 WL 7415835, at *9 (finding that conferral of general personal jurisdiction "presents a much higher threshold than the contacts necessary to support specific jurisdiction"). Thus, a foreign corporation's contacts with the forum state:

> [M]ust be so extensive to be tantamount to [a defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [the forum state's courts] in any litigation arising out of any transaction or occurrence taking place anywhere in the world.

*Exhibit Icons, LLC v. XP Cos., LLC*, 609 F. Supp. 2d 1282, 1295 (S.D. Fla. 2009) (alterations in original) (quoting *Baker v. Carnival Corp.*, No. 06-CIV-21527, 2006 WL 3360418, at *2 (S.D Fla. Nov. 20, 2006)).

The Court finds that Alaska X's activities do not "closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche*, 789 F.3d at 1205. Although Plaintiff alleges that Alaska X has direct contacts with Florida, *see* [ECF No. 26 at 5–6 ¶ 10] (alleging that Alaska X maintains an office and registered agent in Florida), the Declaration makes clear that Alaska X has never maintained an office, registered agent, or any other direct connection to Florida, *see, e.g.*, [ECF No. 43-1 at 2 ¶¶ 8, 13, 15–17, 20–21, & 23]. Yet again, Plaintiff fails to bring forth any evidence to rebut these statements. *See Zapata v. Royal Caribbean Cruises, Ltd.*, No. 12-CIV-21897, 2013 WL 1100028, at *2 (S.D. Fla. Mar. 15, 2013) ("When a plaintiff proffers no competent evidence to establish jurisdiction in opposition to the denials of the jurisdictional allegations contained in the defendant's affidavit, a district court may find that the defendant's unrebutted denials [are] sufficient to negate the plaintiff's jurisdictional allegations.").

Plaintiff also relies heavily on Alaska X's indirect contacts with the state of Florida through its relationship with NCL and other cruise operators. *See* [ECF No. 26 at 5–7 ¶¶ 11–17]. However, district courts in this Circuit have repeatedly found similar indirect contacts to be insufficient to confer general personal jurisdiction over an excursion company. *See, e.g., Synder*, 2021 WL 1920297, at *5; *Moreno v. Carnival Corp.*, 488 F. Supp. 3d 1233, 1239 (S.D. Fla. 2020); *Zhang*, 2019 WL 8895223, at *9 (finding that plaintiff's "allegations do not come anywhere close to being the type of 'exceptional case' where a foreign corporation would be deemed to have met the stringent 'at home' test for personal jurisdiction" (citation omitted)); *Aronson*, 30 F. Supp. 3d at

1389–90 (finding excursion company's indirect contacts to Florida through cruise operator insufficient to establish general personal jurisdiction). Collectively considering Alaska X's direct and indirect contacts with Florida, Alaska X's activities do not rise to the level of "substantial and not isolated activities" that would confer general personal jurisdiction over it within the meaning of Florida's long-arm statute. *See Aronson*, 30 F. Supp. 3d at 1390. Therefore, the Court cannot exercise general personal jurisdiction over Alaska X.

## II.     Federal Rule of Civil Procedure 4(k)(2)

Alaska X also argues that it cannot be subjected to the Court's jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2)—the so-called "national long-arm statute." [ECF No. 43 at 19]. Although Plaintiff alleges in her First Amended Complaint that Alaska X is subject to the Court's jurisdiction pursuant to Rule 4(k)(2), *see* [ECF No. 26 at 5 ¶ 9], she fails to respond to Alaska X's arguments in its Motion. "When a party fails to respond to an argument or address a claim in a responsive brief, such argument or claim can be deemed abandoned." *GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1311 n.7 (S.D. Fla. Sept. 19, 2017) (concluding that plaintiff "conceded the point or else failed to carry [her] burden of substantiating the initial jurisdictional allegations" when failing to respond to arguments). The Court briefly notes that Plaintiff's claim of personal jurisdiction over Alaska X pursuant to Rule 4(k)(2) would fail.

Rule 4(k)(2) provides that "serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant" for a claim that arises under federal law if: (1) "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction;" and (2) "exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). The Eleventh Circuit notes that:

> Where . . . a defendant is not subject to the jurisdiction of the courts of general jurisdiction of any one state, Rule 4(k)(2) permits a court to aggregate a foreign

> defendant's nationwide contacts to allow for service of process provided that two conditions are met: (1) plaintiff's claims must "arise under federal law;" and, (2) the exercise of jurisdiction must be "consistent with the Constitution and laws of the United States."

*Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) (quoting Fed. R. Civ. P. 4(k)(2)). However, "[i]n the wake of . . . *Daimler*, it appears unlikely that general jurisdiction over a foreign defendant could ever be available under [Rule] 4(k)(2)." *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1338 n.9 (S.D. Fla. 2016) (discussing *Daimler*, 571 U.S. at 138–42).

As a threshold matter, Rule 4(k)(2) "is neither applicable nor relevant until a court finds that a defendant is not subject to personal jurisdiction in the courts of any state." *Storm*, 2020 WL 7415835, at *11. There is no indication that such a determination has been—or could be—made as to Alaska X. Nonetheless, assuming *arguendo* that Plaintiff's claims against Alaska X arise under federal maritime law—a determination the Court has not yet made—"and looking, as the Court must, at the United States ***as a whole*** as the applicable forum for the minimum contacts analysis," the Court finds that exercising jurisdiction over Alaska X would still offend due process. *McCullough*, 268 F. Supp. 3d at 1351 (quoting *Oldfield*, 558 F. Supp. 3d at 1220). Plaintiff asserts that Alaska X's minimum contacts that establish personal jurisdiction pursuant to Rule 4(k)(2) include "marketing, promoting, and selling tickets for its excursions in the United States directly and/or through cruise lines as their agents located all over the United States." [ECF No. 26 at 5 ¶ 9]. The Eleventh Circuit has already determined that selling excursion tickets in the United States is the type of activity that is "'far from atypical for foreign corporations' and insufficient to warrant exercising general jurisdiction under Rule 4(k)(2)." *Storm*, 2020 WL 7415835, at *12 (quoting *Schulman v. Inst. for Shipboard Educ.*, 624 F. App'x 1002, 1006 (11th Cir. 2015) (per curiam)). Moreover, Alaska X's Agreement with NCL is simply insufficient to establish minimum contacts with the state of Florida and "does not transform this case into one of the 'exceptional'

cases in which a foreign company could be considered 'essentially at home' in the United States." *McCullough*, 268 F. Supp. 3d at 1352 (quoting *Daimler*, 571 U.S. at 139 n.19). Therefore, the Court cannot confer general personal jurisdiction over Alaska X pursuant to Federal Rule of Civil Procedure 4(k)(2).

### III.  Due Process and Minimum Contacts

Because there is no basis for exercising personal jurisdiction over Alaska X here, "the Court need not address the second inquiry: whether the exercise of jurisdiction comports with due process." *Moreno*, 488 F. Supp. 3d at 1239 (citing *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (per curiam)). This is because "the Due Process Clause 'imposes a more restrictive requirement than does Florida's Long-Arm Statute.'" *Carmouche*, 36 F. Supp. 3d at 1344 (quoting *Melgarejo v. Pycsa Panama, S.A.*, 537 F. App'x 852, 859 (11th Cir. 2013) (per curiam)). Therefore, "finding a defendant is not subject to jurisdiction under Florida law means that jurisdiction is also inappropriate under the Due Process Clause." *Serra-Cruz*, 400 F. Supp. 3d at 1363 (citation omitted).

### CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Alaska X's Motion to Dismiss the Plaintiff's Amended Complaint for Lack of Personal Jurisdiction, [ECF No. 43], is **GRANTED**.

2. Plaintiff Esterina Giuliani's claims against Defendant Alaska X in her First Amended Complaint, [ECF No. 26], are **DISMISSED without prejudice** for lack of jurisdiction.

3. Defendant Alaska X is **DISMISSED** as a party to this action.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of September, 2021.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE